Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| GUSTAVO A. GONZÁLEZ LABOY, DEBORAH SÁNCHEZ MARTIN<br><br>PETICIONARIOS<br><br>v.<br><br>GLOBAL WHOLESALES DISTRIBUTORS, LLC, RAÚL A. MUÑIZ PAGÁN, RAÚL A. MUÑIZ VEGA<br><br>RECURRIDOS | TA2025CE00612 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm. BY2023CV00337<br><br>Sobre: Cobro de Dinero - Ordinario |

Panel integrado por su presidenta, la Juez Lebrón Nieves, el Juez Pagán Ocasio y la Jueza Álvarez Esnard.

Pagán Ocasio, juez ponente

## SENTENCIA

En San Juan, Puerto Rico, a 12 de noviembre de 2025.

### I.

El 14 de octubre de 2025, el señor Gustavo A. González Laboy y Deborah Sánchez Martín (parte peticionaria) presentaron digitalmente una *Solicitud de Certiorari* en la que nos solicitaron que revoquemos una *Orden* sobre calendarización emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI o foro primario), el 26 de agosto de 2025, notificada y archivada digitalmente en autos el mismo día.[1] Mediante dicho dictamen, el TPI denegó la autorización para enmendar la demanda. En consecuencia, calendarizó la Conferencia con Antelación a Juicio y Vista Transaccional.

---

[1] Véase Entrada Núm. 81 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC-TPI).

El 16 de octubre de 2025, emitimos una *Resolución* en la que concedimos a la parte recurrida hasta el 24 de octubre de 2025 para presentar su posición respecto a la expedición del recurso.[2]

El 22 de octubre de 2025, Global Wholesale Distributors, LLC (GWD), el señor Raúl Antonio Muñiz Vega y el señor Raúl Antonio Múñiz Pagán (en conjunto, parte recurrida) presentaron una *Moción Urgente para Desestimar por Falta de Jurisdicción,* en la que alegaron que el dictamen recurrido no es revisable bajo la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1.[3]

El 23 de octubre de 2025, emitimos una *Resolución* en la que le concedimos a la parte peticionaria hasta el 30 de octubre de 2025 para expresarse en torno a la solicitud de desestimación presentada por la parte recurrida.[4]

El 29 de octubre de 2025, la parte peticionaria presentó una *Moción en cumplimiento de Orden del 23 de octubre de 2025,* en la cual solicitó que expidamos el auto peticionado y revoquemos la determinación del TPI.[5]

Con el beneficio de la comparecencia de las partes, damos por perfeccionado el recurso. En adelante, pormenorizamos los hechos procesales pertinentes a la atención de la petición de *certiorari.*

**II.**

El caso de marras tuvo su génesis el 20 de enero de 2023 cuando la parte peticionaria presentó una *Demanda* sobre cobro de dinero en contra de la parte recurrida.[6] Según las alegaciones, el señor González Laboy es socio capitalista de GWD, entidad para la cual gestionó y obtuvo una fianza para garantizar el pago de impuestos, registro de comerciantes y otros permisos. La parte peticionaria

---

[2] Véase Entrada Núm. 2 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC-TA).
[3] Íd., Entrada Núm. 3.
[4] Íd., Entrada Núm. 4.
[5] Íd., Entrada Núm. 5.
[6] Véase Entrada Núm. 1 en SUMAC-TPI.

alegó que, junto a la parte recurrida, acordaron que el señor González Laboy recibiría un 50% de las ganancias generadas por GWD. No obstante, aludió a que, desde marzo de 2021, la parte recurrida comenzó a retrasarse en los pagos a la parte peticionaria y a hacer pagos parciales. Indicó que hicieron múltiples gestiones de cobro a la parte recurrida, pero que resultaron infructuosas. Por ello, manifestó que la parte recurrida les adeuda la cantidad de $185,670.81, suma que es líquida, vencida y exigible.

Posteriormente, el 24 de enero de 2023, la parte peticionaria presentó una *Demanda Enmendada,* para corregir el epígrafe.[7]

El 21 de abril de 2023, el señor Muñiz Vega, en su carácter personal y en representación de GWD, presentó una *Contestación a Demanda y Reconvención.*[8] En esta, negó que el señor González Laboy haya sido socio capitalista de GWD, así como el resto de las alegaciones de la demanda. Hizo sus alegaciones afirmativas y alegó mediante la *Reconvención* que los peticionarios están siendo temerarios, por lo que solicitó una restitución en daños y perjuicios.

Ese mismo día, el señor Muñiz Pagán presentó una *Contestación a Demanda* en la que, en esencia, negó las alegaciones y presentó idénticas alegaciones afirmativas que el señor Muñiz Vega en su contestación.[9]

Por su parte, el 18 de mayo de 2023, los peticionarios presentaron una *Contestación a Reconvención, Solicitud de Desestimación y de Imposición de Sanciones,* en la que solicitaron la desestimación de la reconvención por dejar de exponer hechos que justifiquen la concesión de un remedio.[10] Consecuentemente, el TPI emitió una *Sentencia Parcial* en la que declaró Ha Lugar la desestimación de la *Reconvención.*[11]

---

[7] Íd., Entrada Núm. 4.
[8] Íd., Entrada Núm. 22.
[9] Íd., Entrada Núm. 23.
[10] Íd., Entrada Núm. 27.
[11] Íd., Entrada Núm. 30.

El 7 de junio de 2023, la parte recurrida presentó una *Moción sobre envío de interrogatorio, producción de documentos y admisiones,* mediante la cual informó que cursó el Primer Pliego de Interrogatorio, Producción de Documentos y Admisiones a la otra parte.[12]

Tras varios trámites procesales, el 27 de octubre de 2023, con relación al *Informe para el Manejo del Caso,* el TPI concedió hasta el 10 de febrero de 2024 para concluir el descubrimiento de prueba.[13] Posteriormente, el TPI extendió el descubrimiento de prueba hasta el 30 de abril de 2025 y les concedió a las partes hasta el 30 de mayo de 2025 para presentar mociones dispositivas o, en la alternativa, la parte demandante solicitar la calendarización del caso.[14]

El 18 de agosto de 2025, el TPI emitió una *Orden* para que las partes expusieran sus razones por las cuales el tribunal no debía archivar y desestimar el pleito por ausencia de trámite procesal.[15]

El 25 de agosto de 2025, los peticionarios presentaron una *Moción en cumplimiento de Orden.*[16] En esta, informaron que contestaron los interrogatorios, produjeron los documentos y depusieron a la parte recurrida en los meses de junio-julio de 2024, mientras que la parte recurrida los depuso a ellos en abril de 2025. Expresaron que, tras examinar la prueba descubierta, tienen prueba suficiente en derecho para enmendar las alegaciones, a los únicos fines de descorrer el velo corporativo de GWD, por ser un alter ego del señor Muñiz Vega y el señor Muñiz Pagán. Por lo cual, solicitaron un término de treinta (30) días para presentar una demanda enmendada, la cual, a su juicio, no provocaría perjuicio ni dilación alguna a las partes.

---

[12] Íd., Entrada Núm. 31.
[13] Íd., Entrada Núm. 49.
[14] Íd., Entrada Núm. 77.
[15] Íd., Entrada Núm. 78.
[16] Íd., Entrada Núm. 79.

Por su parte, el 26 de agosto de 2025, la parte recurrida presentó una *Moción informativa al amparo de la Regla 8.4 de Procedimiento Civil,* en la que informó su intención de presentar su oposición.[17]

El 26 de agosto de 2025, el TPI emitió una *Orden: Calendarización.*[18] El foro primario estableció que de la moción de la parte peticionaria no surge que estos hayan realizado descubrimiento de prueba adicional, luego de que la parte recurrida anunciaría su nueva representación en enero de 2025. Dictaminó que, por haber transcurrido un año desde que la parte peticionaria depuso a la parte recurrida y en ausencia de descubrimiento de prueba adicional en los últimos ocho (8) meses, no autorizaba enmendar la demanda. El TPI se refirió a su orden del 31 de enero de 2025, en la que dejó consignada la fecha del 31 de abril de 2025 como culminación del descubrimiento de prueba y determinó que no permitiría más dilación en la disposición del pleito. Ante dicha negativa, calendarizó la Conferencia con Antelación a Juicio y Vista Transaccional.

El 9 de septiembre de 2025, la parte peticionaria presentó una *Solicitud de Reconsideración a Orden del 26 de agosto de 2025,* en la que adujo que la enmienda solicitada está dirigida a conformar las alegaciones con la prueba descubierta. Expuso, que no provocaría perjuicio alguno, dado a que no requerirá de descubrimiento adicional, puesto que se fundamenta en los testimonios bajo juramento de la parte recurrida.[19] Además, aludió a que no se ha celebrado la Conferencia con Antelación a Juicio. Por lo cual, solicitó la reconsideración de la *Orden* sobre calendarización.

---

[17] Íd., Entrada Núm. 80.
[18] Íd., Entrada Núm. 81.
[19] Íd., Entrada Núm. 83.

Por su parte, el 12 de septiembre de 2025, la parte recurrida presentó una *Oposición a solicitud para que se autorice enmienda a la Demanda y en cumplimiento de Orden (SUMAC doc. 79).*[20] Arguyó que la enmienda propuesta presupone reabrir el descubrimiento de prueba. Adujo, además, que la parte peticionaria no discutió los criterios establecidos para demostrar si procede o no una enmienda a las alegaciones, por lo que no demostró la procedencia de esta.

El 15 de septiembre de 2025, el TPI emitió una *Resolución Interlocutoria* en la que declaró No Ha Lugar la reconsideración pues determinó que la enmienda solicitada era tardía.[21]

Inconforme con la determinación del TPI, el 14 de octubre de 2025, la parte peticionaria presentó el recurso de *certiorari* de epígrafe y formuló el siguiente señalamiento de error:

> Erró el Tribunal de Primera Instancia, al denegar la solicitud de enmienda a la demanda, para fines de descorrer el velo corporativo de la codemandada Global Wholesale Distributors Llc.; por ser ésta un alter ego de los codemandados, Raúl A. Muñiz Vega y, Raúl A. Muñiz Pagán y conformarla con la prueba descubierta. (Subrayado en el original).

En resumen, alegó que el TPI abusó de su discreción al denegar la enmienda a la demanda cuando el ordenamiento jurídico favorece su concesión liberalmente, cuando la justicia así lo requiera, aún en etapas avanzadas. Adujo que la enmienda no provocaría perjuicio alguno ni dilación alguna a las partes.

Por su parte, el 22 de octubre de 2025, la parte recurrida presentó una *Moción Urgente para Desestimar por Falta de Jurisdicción.* Adujo que carecemos de jurisdicción para entender en el recurso, dado a que no es revisable bajo la Regla 52.1 de Procedimiento Civil, *supra.* Adujo que la decisión del foro primario estuvo basada en un ejercicio de discreción que, de haberse

---

[20] Íd., Entrada Núm. 85.
[21] Íd., Entrada Núm. 86.

permitido la enmienda a las alegaciones, hubiera constituido un abuso de discreción.

Consecuentemente, el 29 de octubre de 2025, los peticionarios presentaron una *Moción en cumplimiento de Orden.* En resumen, reiteraron que la determinación del TPI es contraria al derecho vigente, que permite enmendar las alegaciones de manera liberal. Adujeron que, al denegar dicha enmienda a las alegaciones, para conformarla con la prueba descubierta, el TPI los priva de obtener un remedio efectivo y real, sobre las causas de acción en cobro de dinero. Por lo cual, argumentó que, de no permitirse la enmienda solicitada, se estaría promoviendo un fraude y una conducta ilícita en contra de los peticionarios. Por lo cual, alegaron que este Tribunal posee jurisdicción para entender en la controversia.

**III.**

**A.**

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. ***Medina Nazario v. McNeil Healthcare LLC***, 194 DPR 723, 728 (2016). Véase, además, ***IG Builders et al v. BBVAPR***, 185 DPR 307, 337 (2012). A diferencia de una apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de forma discrecional. ***Rivera Figueroa v. Joe's European Shop***, 183 DPR 580, 596 (2011).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52.1,[22] establece las instancias en las que el foro revisor posee autoridad

---

[22] Esta Regla dispone que:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos

para expedir un auto de *certiorari* sobre materia civil. ***Scotiabank v. ZAF Corp. et al.,*** 202 DPR 478 (2019). La citada regla delimita el alcance jurisdiccional del Tribunal de Apelaciones para atender un recurso de *certiorari* que se trate sobre la revisión de dictámenes interlocutorios del Tribunal de Primera Instancia. ***Mun. Caguas v. JRO Construction, Inc.***, 201 DPR 703 (2019).

Si el auto sobre el cual versa el recurso de *certiorari* está comprendido en una de las instancias establecidas en la Regla 52.1 de Procedimiento Civil, *supra,* debemos pasar entonces a un segundo análisis. El mismo se caracteriza por la discreción que ha sido conferida al Tribunal de Apelaciones para autorizar, expedir y adjudicar en sus méritos el caso.

Con el fin de que podamos ejercer de manera sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones, ***In re Aprob. Enmdas. Reglamento TA***, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025), establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*.[23]

---

esenciales, asuntos relativos a privilegios evidenciarios (sic), anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

[23] Esta Regla dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

**B.**

Según establece la Regla 1 de Procedimiento Civil, *supra*, las Reglas de Procedimiento Civil deben ser interpretadas de forma que "faciliten el acceso a los tribunales y el manejo del proceso, de forma que garanticen una solución justa, rápida y económica". Siguiendo ese mismo espíritu, nuestro Tribunal Supremo ha delineado una clara política pública de que los casos deben ventilarse en los méritos. ***Colón Rivera v. Wyeth Pharm.,*** 184 DPR 184, 198 (2012); ***Rivera et al. v. Superior Pkg, Inc. et al.,*** 132 DPR 115, 124 (1992).

Por lo anterior, en el contexto de las enmiendas a las alegaciones, tanto las Reglas de Procedimiento Civil, *supra*, como la doctrina interpretativa favorecen su autorización. Regla 13.1 de Procedimiento Civil, *supra*; ***Colón Rivera v. Wyeth Pharm***., supra; ***S.L.G. Font Bardón v. Mini-Warehouse***, 179 DPR 322 (2010). En concreto, la Regla 13.1 de Procedimiento Civil, *supra*, dispone lo siguiente:

> Cualquier parte podrá enmendar sus alegaciones en cualquier momento antes de habérsele notificado una alegación responsiva, o si su alegación es de las que no admiten alegación responsiva y el pleito no ha sido señalado para juicio, podrá de igual modo enmendarla en cualquier fecha dentro de los veinte (20) días de haber notificado su alegación. **En cualquier otro caso, las partes podrán enmendar su alegación únicamente con el permiso del tribunal o mediante el consentimiento por escrito de la parte contraria; y el permiso se concederá liberalmente cuando la justicia así lo requiera.** La solicitud de autorización para enmendar las alegaciones deberá estar acompañada de la alegación enmendada en su totalidad. Una parte notificará su contestación a una alegación enmendada dentro del tiempo que le reste para contestar la alegación original o dentro de veinte (20) días de haberle sido notificada la alegación enmendada, cualquiera de estos plazos que sea más largo, a menos que el tribunal de otro modo lo ordene. (Énfasis nuestro).

Así, esta Regla establece una directriz respecto a la concesión liberal de este remedio, disponiendo que se procede autorizarlo "cuando la

---

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

justicia así lo requiera". **S.L.G. Sierra v. Rodríguez,** 163 DPR 738, 747 (2005). Además, faculta al tribunal con discreción para determinar la procedencia de la enmienda a las alegaciones y, como norma general, favorece que se conceda. Íd.

Para guiar a los tribunales en la evaluación de solicitudes para enmendar las alegaciones, nuestro más alto foro ha diseñado los siguientes criterios: (1) el impacto del tiempo transcurrido previo a la enmienda; (2) la razón de la demora; (3) el perjuicio a la otra parte y (4) la procedencia de la enmienda solicitada. **León Torres v. Rivera Lebrón**, 204 DPR 20, 35-36 (2020); **S.L.G. Font Bardón v. Mini-Warehouse**, supra, pág. 334; **S.L.G. Sierra v. Rodríguez**, supra, pág. 748. Estos criterios deben ser analizados en conjunto. **S.L.G. Sierra v. Rodríguez**, supra, págs. 749-750. Sin embargo, el factor más importante, determinante y de mayor relevancia es el perjuicio indebido que la enmienda pueda causar a la parte contraria, sin que ello signifique que los demás elementos no deban ser considerados. **Colón Rivera v. Wyeth Pharm**., supra, pág. 204; **S.L.G. Sierra v. Rodríguez**, supra, pág. 750.

En ese análisis, debe considerarse que ocurre un perjuicio indebido cuando la enmienda: "(1) cambia sustancialmente la naturaleza y el alcance del caso, convirtiendo la controversia inicial en tangencial, o (2) obliga a la parte contraria a incurrir en nuevos gastos, alterar su estrategia en el litigio o comenzar nuevo descubrimiento de prueba". **Colón Rivera v. Wyeth Pharm**., supra, pág. 204. Por eso, se ha teorizado que el perjuicio debe ser indebido en el "sentido de que coloque a la parte contraria en una situación de desventaja respecto a lo que es el trámite ordenado del litigio". Íd., pág. 200, citando a W. Vázquez Irizarry, *Procedimiento Civil*, 75 Rev. Jur. UPR 175, 197 (2006).

Por el contrario, un mero cambio de teoría en las alegaciones no constituye perjuicio indebido. **S.L.G. *Font Bardón v. Mini-Warehouse,*** supra, pág. 336. Asimismo, el tiempo transcurrido entre la presentación de la *Demanda* original y la enmienda propuesta, por sí solo, tampoco causa perjuicio indebido. ***Colón Rivera v. Wyeth Pharm.***, supra, pág. 199; **S.L.G. *Sierra v. Rodríguez,*** supra, pág. 749.

**IV.**

En el caso de marras, la parte peticionaria nos solicita que revoquemos el dictamen del foro primario que denegó la solicitud de enmendar la demanda a los fines de incluir alegaciones sobre descorrer el velo corporativo de GWD por, alegadamente, ser alter ego de los señores Muñiz Vega y Muñiz Pagán.

Mediante su recurso de *certiorari,* la parte peticionaria arguyó que la determinación del TPI es contraria a derecho, arbitraria, injusta y constituye un abuso de discreción. Expresó, que esperar a la apelación para acudir a este foro apelativo constituiría un fracaso irremediable de la justicia, por lo procede nuestra intervención, en esta etapa de los procedimientos. Particularmente, alegó que, durante el descubrimiento de prueba, descubrieron mediante los testimonios de la parte recurrida que, a pesar de que GWD es una entidad jurídica con personalidad propia, los señores Muñiz Vega y Muñiz Pagán la utilizaban para fines personales y mezclaron el patrimonio de ésta con los suyos, al extremo de que era un alter ego de ambos. Incluso, sostienen que no requerirán descubrimiento de prueba adicional, dado que la enmienda solicitada se fundamenta en testimonios ya obtenidos de la parte recurrida, por lo que no afecta la economía procesal.

En cambio, la parte recurrida sostuvo que la determinación del TPI no es revisable al amparo de la Regla 52.1 de Procedimiento Civil, *supra,* R. 52.1, por lo que nos solicitó desestimar el recurso.

Adujo que la decisión del foro primario estuvo basada en un ejercicio de discreción que, de haberse permitido la enmienda a las alegaciones, hubiera constituido un abuso de discreción.

Tras un análisis objetivo, sereno y cuidadoso del expediente y de la petición de *certiorari*, y a la luz de los criterios esbozados en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos que procede expedir el auto de *Certiorari*, revocar la *Orden* sobre calendarización recurrida y ordenar al TPI que permita la presentación de la *Demanda enmendada*. Un examen sosegado del expediente del caso, y a la luz de los factores esbozados en la jurisprudencia, entendemos que no existe impedimento alguno para conceder la enmienda a las alegaciones que solicitó la parte peticionaria. Máxime, cuando se trata de un asunto sobre el cual éstos indicaron que <u>no requerirá de descubrimiento de prueba adicional</u>. No podemos olvidar que se trata de alegaciones sobre descorrer el velo corporativo de una entidad demandada en un caso de cobro de dinero en el que el descubrimiento de prueba ha finalizado.

Además, los peticionarios expusieron que la razón para la solicitud de enmiendas surgió del propio descubrimiento de prueba, causa por la cual, no incluyeron tales alegaciones al inicio del pleito. Por último, entendemos que la enmienda a las alegaciones no representa un perjuicio indebido a la parte recurrida como lo sería el no expedir el presente recurso presentado por la parte peticionaria.

Sabido es que, ante una solicitud para enmendar las alegaciones, es importante evaluar el perjuicio que puede causarse a la parte contraria; "Éste debe ser el factor determinante, puesto que carece de importancia el tiempo que haya pasado desde la presentación original de la demanda o la naturaleza de la enmienda,

si ésta resulta inocua a la justicia o a la parte contraria". ***S.L.G. Sierra v. Rodríguez***, supra, pág. 750.

Por todo lo anterior, concluimos que el TPI incurrió en el error señalado y erró al denegar la enmienda solicitada.

**V.**

Por los fundamentos que anteceden, se *expide* el auto de *Certiorari* y se revoca la *Orden* sobre calendarización emitida el 26 de agosto de 2025, a los efectos de que se permita la presentación de una Segunda Demanda Enmendada, según peticionada. En consecuencia, se devuelve el caso al foro primario para la continuación de los procedimientos conforme a lo aquí resuelto.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones